Alexander Geiger (AG 8974)
GEIGER and ROTHENBERG, LLP
45 Exchange Street, Suite 800
Rochester, NY  14614
Tel.:  (585) 232-1946
Fax:  (585) 232-4746

*Attorneys for Claimant-Appellant Jasco Tools, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re | Chapter 11 |
| DANA CORPORATION, *et al.*, | Case No. 06-10354 (BRL) |
| Debtors. | (Jointly Administered) |

---

### STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL OF JASCO TOOLS, INC. FROM MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ABSTENTION AND STAY RELIEF AND GRANTING SUMMARY JUDGMENT DISALLOWING CLAIM

Jasco Tools, Inc. ("Jasco"), by and through its undersigned counsel, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby submits its statement of the issues to be presented and designates the record on appeal to the United States District Court for the Southern District of New York, with respect to the Memorandum Decision Denying Motion for Abstention and Stay Relief and Granting Summary Judgment Disallowing Claim, by Honorable Burton R. Lifland, United States Bankruptcy Judge, dated November 6, 2007, and with respect to the subsequent Order, dated November 15, 2007, granted and filed consistent with said Memorandum Decision.

## Issues to be Presented on Appeal

1. Did the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") err in denying Jasco's motion for mandatory abstention, without considering any of the factors set forth in 28 U.S.C. § 1334(c)(2), which mandate abstention in this case?

2. Did the Bankruptcy Court err in indicating at the Initial Status Conference that its mind was made up on the abstention motion, before receiving any motion papers from Jasco in connection with such a motion and before hearing any argument on behalf of Jasco in connection with such a motion, and in urging Jasco not to submit such a motion?

3. Did the Bankruptcy Court err in chastising Jasco, in its Memorandum Decision, for having the temerity even to bring an abstention motion?

4. Did the Bankruptcy Court err in denying Jasco's motion for lifting the automatic stay, pursuant to 11 U.S.C. § 362(d)(1), where abstention would have served the interests of judicial economy and the interests of the parties?

5. Did the Bankruptcy Court err in granting the request of Debtor-Appellee Dana Corporation ("Dana"), over Jasco's timely objection, to consider the Objection of Debtors and Debtors in Possession Seeking to Disallow Claims of Jasco Tools, Inc. ("Objection") as the equivalent of a summary judgment motion, despite the procedural deficiencies of the Objection as a summary judgment motion?

6. Did the Bankruptcy Court err in considering Dana's Objection as the equivalent of a summary judgment motion, despite the lack of any proof, in evidentiary form, submitted in support of the motion?

7. Did the Bankruptcy Court err in granting the request of Dana, over Jasco's timely objection, to consider Jasco's Response to Dana's Objection ("Response") as Jasco's response to Dana's putative summary judgment motion, despite the fact that Jasco submitted its Response prior to receiving any notice that either Dana or the Court intended to consider the Objection to be the equivalent of a summary judgment motion?

8. Did the Bankruptcy Court err in requiring Jasco to submit its response to Dana's Rule 7056-1 Statement before actually seeing Dana's Rule 7056-1 Statement?

9. Did the Bankruptcy Court err in stating, at the Initial Status Conference, that it was prepared to rule on Dana's summary judgment motion, on the merits, before setting a briefing schedule for the motion, before receiving all of the motion papers in connection with the motion, and before hearing the argument of counsel in connection with the motion?

10. Did the Bankruptcy Court err in dismissing Jasco's need for additional discovery, and in ignoring Jasco's pending document request, served prior to the filing of Dana's bankruptcy petition, without any consideration of the actual contents of the pending document request?

11. Did the Bankruptcy Court err in relying on the language of a state court trial judge, ruling on the summary judgment motion of another defendant sued by Jasco, where the decision of the state court trial judge was subsequently reversed on appeal?

12. Did the Bankruptcy Court err in granting summary judgment to Dana, without considering the requirement of Rule 56(f) of the Federal Rules of Civil Procedure, and despite the fact that Jasco was deprived of the opportunity to present facts necessary to oppose Dana's summary judgment motion by Dana's refusal to disclose requested documents?

13. Did the Bankruptcy Court err in granting summary judgment to Dana, upon the first cause of action alleged by Jasco against Dana in the underlying state court action, stating a claim for breach of contract, despite the existence of numerous genuine issues of material fact in connection with said cause of action?

14. Did the Bankruptcy Court err in granting summary judgment to Dana, upon the second cause of action alleged by Jasco against Dana in the underlying state court action, stating a claim for conversion, despite the existence of numerous genuine issues of material fact in connection with said cause of action?

15. Did the Bankruptcy Court err in granting summary judgment to Dana, upon the third cause of action alleged by Jasco against Dana in the underlying state court action, stating a claim for unjust enrichment, despite the existence of numerous genuine issues of material fact in connection with said cause of action?

16. Did the Bankruptcy Court err in granting summary judgment to Dana, upon the fourth cause of action alleged by Jasco against Dana in the underlying state court action, stating a claim for *prima facie* tort, despite the existence of numerous genuine issues of material fact in connection with said cause of action?

17. Did the Bankruptcy Court err in disallowing and expunging Jasco's Claim Number 9592, in the amount of $20,000,000, out-of-hand, without giving Jasco a hearing, without even considering that it was required to abstain in favor of the state court in connection with the adjudication of the underlying state court action, without even considering that additional discovery had been requested, and was need, by Jasco, without even considering the requirements of Rule 56(f) of the Federal Rules of Civil Procedure, and despite the existence of numerous genuine issues of material fact in connection with each cause of action alleged by Jasco in the underlying state court action?

## Designation of Items to be Included in the Record on Appeal[1]

1. Order Establishing Claims Objection and Settlement Procedures, dated November 9, 2006, with Exhibit A – **Docket Number 4044**

2. Notice of Objection of Debtors and Debtors in Possession Seeking to Disallow Claim of Jasco Tools, Inc., dated August 31, 2007 – **Docket Number 6078**

---

[1] Each designated item includes all documents filed under that docket number, as well as all attachments and exhibits.

3. Objection of Debtors and Debtors in Possession Seeking to Disallow Claims of Jasco Tools, Inc., dated August 31, 2007, with exhibits – **Docket Number 6078**

4. Declaration in Response to Objection of Debtors and Debtors in Possession Seeking to Disallow Claim of Jasco Tools, Inc. by Eugene W. Baldino, dated September 19, 2007, with Exhibits – **Docket Number 6241**

5. Response to Debtors' Objection to Claim of Jasco Tools, Inc., dated September 20, 2007, with Exhibits – **Docket Number 6241**

6. Reply in Support of the Objection of Debtors and Debtors in Possession Seeking to Disallow Claim of Jasco Tools, Inc., dated October 12, 2007, with Exhibits – **Docket Number 6532**

7. Letter to Burton R. Lifland from Alexander Geiger, dated October 15, 2007 – **Docket Number 6538**

8. Transcript of Hearing Held on 10/17/07 – **Docket Number 6682**

9. Statement Pursuant to Local Bankruptcy Rule 7056-1 in Support of the Objection of Debtors and Debtors in Possession Seeking to Disallow Claim of Jasco Tools, Inc., dated October 24, 2007 – **Docket Number 6691**

10. Rule 7056-1(c) Statement of Jasco Tools, Inc., dated October 24, 2007 – **Docket Number 6689**

11. Motion for Mandatory Abstention, Pursuant to 28 U.S.C. § 1334(c)(2), and for Lifting the Automatic Stay, Pursuant to 11 U.S.C. § 362(d)(1), dated October 24, 2007 – **Docket Number 6687**

12. Response of Debtors and Debtors in Possession in Opposition to Motion of Jasco Tools, Inc. for Mandatory Abstention or to Lift the Automatic Stay, dated October 29, 2007, with Exhibit A – **Docket Number 6745**

13. Transcript of Hearing Held on 10/31/07 – **Docket Number 6942**

14. Memorandum Decision Denying Motion for Abstention and Stay Relief and Granting Summary Judgment Disallowing Claim, dated November 6, 2007 – **Docket Number 6827**

15. Order Disallowing Claims of Jasco Tools, Inc. and Denying Motion for Mandatory Abstention, Pursuant to 28 U.S.C. § 1334©(2), and for Lifting the Automatic Stay, Pursuant to 11 U.S.C. § 362(d)(1), dated November 15, 2007 – **Docket Number 6952**

16. Notice of Appeal, dated November 13, 2007 – **Docket Number 6900**

Dated: November 20, 2007                s/Alexander Geiger
                                        Alexander Geiger, Esq.

                                        GEIGER and ROTHENBERG, LLP
                                        45 Exchange Street, Suite 800
                                        Rochester, NY 14614
                                        Tel.: (585) 232-1946
                                        Fax.: (585) 232-4746
                                        E-mail: ageiger@geigroth.com

                                        *Attorneys for Claimant-Appellant Jasco Tools, Inc.*